IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| In re: ) | |
| Joe Gibson's Auto World, Inc., ) | |
| Debtor, ) | |
| Joe Gibson's Auto World, Inc., ) | |
| Plaintiff, ) | C/A No. 7:11-2482-TMC |
| v. ) | **OPINION & ORDER** |
| Zurich American Insurance ) | |
| Company and Universal ) | |
| Underwriters Insurance Company, ) | |
| Defendants. ) | |

This matter is before the Court on Defendants Zurich American Insurance Company and Universal Underwriters Insurance Company's Motion to Withdraw Reference to the Bankruptcy Court. (Dkt. # 1). Plaintiff did not file a response to the motion. A hearing on this motion was held on March 14, 2012, and the court took the motion under advisement. After reviewing the motion and arguments of the parties, the court denies the motion for the reasons discussed below.

**Background**

Plaintiff Joe Gibson's Auto World, Inc., was a South Carolina car dealership which was sued by hundreds of customers who alleged a fraudulent and deceptive advertising scheme ("Consumer Claimants"). On July 16, 2008, Plaintiff filed for bankruptcy. A global settlement agreement was reached with Defendants paying a settlement amount in

exchange for a release from defense and/or indemnity obligations. Plaintiff alleges that any claims under the umbrella portions of the policies were preserved and not released. On April 1, 2009, Plaintiff filed a complaint alleging that the claims brought by the Consumer Claimants are covered by an umbrella policy and that even though Defendants assumed the defense of many claims and parts of claims, they have denied other claims. Plaintiff alleges causes of action for breach of contract, bad faith refusal to pay a claim, and asks for a declaratory judgment finding the claims of the Consumer Claimants are covered by the umbrella policy. Plaintiff also demanded a jury trial on these claims. Defendants deny that coverage is available under the umbrella policy and counterclaimed requesting a declaratory judgment determining their rights and obligations, if any, under the umbrella policy. On September 30, 2009, the bankruptcy court found that these claims were core proceedings and Defendants' subsequent motion to reconsider the order was denied.

Defendants then filed the instant motion seeking a mandatory withdrawal of reference to the bankruptcy court pursuant to *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011), or alternatively a permissive withdrawal.

**Mandatory Withdrawal**

United States District Courts have original jurisdiction over all bankruptcy matters and related proceedings. 28 U.S.C. §§ 1334(a), (b). Section 157(a) allows district courts to refer bankruptcy cases to the bankruptcy court. 28 U.S.C. § 157(a). This district has referred all bankruptcy cases to its bankruptcy court. Under 28 U.S.C. § 157(d):

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate

2

commerce.

Thus, § 157(d) contains both a permissive and mandatory component. *In re Marine Energy Systems Corp.*, 2010 WL 680328 (D.S.C. 2010)(unpublished). Defendant argues that withdrawal is mandatory because of the holding in *Stern*.

Recently, in *Stern v. Marshall,* the Supreme Court held bankruptcy courts do not have the constitutional authority to enter final judgments in certain "core proceedings." 131 S.Ct. 2594. In *Stern*, the Supreme Court held that, while a bankruptcy judge has the statutory authority to enter a final judgment on a debtor's counterclaim pursuant to the plain language of 28 U.S.C. § 157(b)(2)(C), it was unconstitutional for a bankruptcy judge to enter a final judgment on a debtor's state law counterclaim that was not resolved in the process of ruling on a creditor's proof of claim. 131 S.Ct. at 2620.

Here, the bankruptcy court found that the claims asserted by Plaintiff, like the claims asserted in *Stern*, are core matters[1] under §157(c)(1) which "are only remotely related and likely unrelated to Defendant's proofs of claims against the estate and there is no reason to believe that the 'process of adjudicating [the] proof[s] of claim would necessarily resolve [the estate's] counterclaim.'"

Defendant contends that pursuant to *Stern,* the bankruptcy court lacks the constitutional authority to decide Plaintiff's state law claims. The court rejects this

---

[1]Core proceedings are those that either arise under Title 11 or arise in a bankruptcy case. *In re Nichols & Assocs. Tryon Props., Inc.*, 36 F.3d 1093, *3 (4th Cir.1994). "[C]ore proceedings should be given a broad interpretation that is close to or congruent with constitutional limits." *In re Johnson*, 960 F.2d 396, 401 (4th Cir.1992) ("Many courts construe the term 'core proceedings' quite broadly. Indeed, the ambiguity in § 157(b)(2) invites such interpretation with such broadly inclusive language that encompasses proceedings 'affecting the liquidation of assets of the estate' and matters 'concerning the administration of the estate.' ").

3

interpretation of the holding in *Stern*. While pursuant to *Stern*, the bankruptcy court cannot enter a final judgment on the state law claims, the court does not believe that *Stern* precludes the court from allowing the pretrial proceedings to be handled by the bankruptcy court. Further, the Court also finds the bankruptcy court has authority to enter proposed findings of fact and conclusions of law on dispositive motions in regard to the state law claims, and thus, mandatory withdrawal of the reference is not required at this time.

The Bankruptcy Code specifically provides that a bankruptcy court may hear and "submit proposed findings of fact and conclusions of law to the district court," subject to de novo review, in a proceeding "that is not a core proceeding." 28 U.S.C. § 157(c)(1) (emphasis added). However, when the claims are core matters, there is no explicit comparable authority to follow a similar procedure.

At least one bankruptcy court initially determined that it had "no statutory authority to render findings of fact and conclusions of law for core proceedings that it may not constitutionally hear." *Samson v. Blixseth (In re Blixseth)*, 2011 WL 3274042, at *12 (Bankr. D. Mont. Aug. 1, 2011) (holding it had no authority to enter proposed findings of fact and conclusions of law on a "core" fraudulent conveyance claim).[2] However, this court joins the majority of courts that have since concluded that *Stern* did not eliminate the ability of bankruptcy courts to issue proposed findings and conclusions of law. *See McCarthy v. Wells (In re El–Atari),* 2011 WL 5828013, at *3 (E.D.Va. Nov.18, 2011) (holding in core

---

[2] Recently, the bankruptcy court amended its earlier ruling in *In re Blixseth*. *In re Blixeth*, 2012 WL 10193, at *8–10 (Bankr.D.Mont. Jan. 3, 2012) ("The Court sua sponte amends its August 1, 2011, Memorandum of Decision and Order. . . . [S]everal courts have recently concluded that *Stern v. Marshall* does not deprive bankruptcy courts of subject matter jurisdiction . . . . [B]ecause the United States District Court for the District of Montana would have the requisite subject-matter jurisdiction to adjudicate the claims in this Adversary Proceeding, so too does this Court.").

4

matters related to a case under title 11 the bankruptcy court retains the authority to submit proposed findings of fact and conclusions of law to the district court); *Field v. Lindell (In re Mortg. Store, Inc.)*, 2011 WL 5056990, at *5–6 (D.Hawai'i Oct. 5, 2011) (holding "that Congress, if faced with the prospect that bankruptcy courts could not enter final judgments on certain 'core' proceedings, would have intended them to fall within 28 U.S.C. § 157(c)(1) granting bankruptcy courts authority to enter findings and recommendations."); *Paloian v. Am. Express Co (In re Canopy Fin., Inc.)*, 2011 WL 3911082, at *3–4 (N.D.Ill. Sept. 1, 2011) (holding "the [*Stern*] Court at least implied that the effect of its decision was to 'remove' certain claims from 'core bankruptcy jurisdiction,' and to relegate them to the category of claims that are merely 'related to' bankruptcy proceedings and thus subject to being heard, but not finally decided, by bankruptcy courts."); *JustMed, Inc. v. Bryce (In re Byce)*, 2011 WL 6210938, at *4 (D.Idaho Dec.14, 2011) (stating "[a] majority of district courts considering the issue hold that the bankruptcy courts retain the power to enter proposed findings and recommendations."); *Levey v. Hanson's Window & Constr., Inc.* (*In re Republic Windows & Doors, LLC*), 460 B.R. 511, 2011 WL 6157342 (Bankr.N.D.Ill. Dec.12, 2011) (noting that "[n]othing in [the *Stern*] decision can be read to preclude this Court from submitting proposed findings of fact and conclusions of law to the district court."); *D&B Swine Farms, Inc v. Murphy-Brown, LLC (In re D&B Swine Farms, Inc.*), 2011 WL 6013218, at *2 (Bankr.E.D.N.C. Dec.2, 2011) (rejecting *Blixseth* holding that bankruptcy court has no statutory authority to render proposed findings and conclusions); *Reed v. Linehan (In re Soporex)*, 2011 WL 5911674, at *5 (Bankr.N.D.Tex Nov. 28, 2011)(holding that "*Stern* did not strip the bankruptcy courts of the authority to hear these types of claims and to propose findings of fact and conclusions of law to the district court for de novo review."); *Goldstein v. Eby-Brown, Inc. (In re Universal Mktg., Inc.)*, 459 B.R.

573, 578 (Bankr.E.D.Pa. 2011) (declining to follow *Blixseth*); *Heller Ehrman, LLP, v. Arnold & Porter (In re Heller Ehrman, LLP)*, 2011 WL 4542512, at *6 (Bankr.N.D.Cal. Sept. 28, 2011).[3]

Even where the parties have a right to a jury trial, immediate withdrawal is not required.

> [T]he mere fact that the district court must conduct a jury trial in an adversary proceeding does not mean that the bankruptcy court immediately loses jurisdiction of the entire matter or that the district court cannot delegate to the bankruptcy court the responsibility for supervising discovery, conducting pre-trial conferences, and other matters short of the jury selection and trial.

*In re El-Atari*, 2011 WL 5828013 * 6 (internal citations omitted). "*Stern* creates no impediment to so doing . . . and the reference can readily be withdrawn when the case is trial-ready if the parties still do not consent to allow the Bbankruptcy Court to preside at trial. In this sense, the district court would be using the Article I Bankruptcy Judge in the same manner as it routinely employs Article I Magistrate Judges: to supervise discovery, rule on non-dispositive motions, and report and recommend on dispositive motions." *Dev. Specialists, Inc., v. Orrick, Herrington & Sutcliffe, LLP*, 2011 WL 6780600 * 4 (S.D. N.Y. Dec. 23, 2011)(internal citation omitted).

**Permissive Withdrawal**

Defendants also argue the court should exercise its discretion to withdraw the reference (i.e. permissive withdrawal). Permissive withdrawal of the reference to the

---

[3]Additionally, the court notes that at least three districts, the Southern District of New York, the Southern District of Florida and the District of Delaware, recently issued standing orders giving bankruptcy courts explicit authority to issue proposed findings and conclusions of law in connection with core matters that are found to fall within the *Stern* holding.

bankruptcy judge is within the sound discretion of the district court and is predicated upon cause shown on a case-by-case basis. In considering whether to grant permissive withdrawal of a reference, district courts have considered the following factors: (1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy proceedings; (3) expediting the bankruptcy process and promoting judicial economy; (4) the efficient use of debtors' and creditors' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial. *Vieira v. AGM, II, LLC*, 366 B.R. 532, 538 (D.S.C. 2007)(*citing In re U.S. Airways Group, Inc.*, 296 B.R. 673, 681 (E.D.Va. 2003).

"Some courts view the core/non-core factor as a threshold question that must be answered before analysis may proceed and is determinative of most of the other factors, while other courts simply place substantial weight on the core/non-core factor." *In re U.S. Airways*, 296 B.R. at 681–82. The fact that the proceeding at issue is a core proceeding weighs against withdrawal of the reference. *See In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2d Cir. 1993) (noting that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues"). Section 157(b)(3) provides that the "bankruptcy judge shall determine . . . whether a proceeding is a core proceeding under this subsection." 28 U.S.C. § 157(b)(3). While Defendants maintain that this is a non-core matter, the bankruptcy court has found these to be core matters. Given the bankruptcy court's finding that these claims are core matters, her familiarity with the case, her expertise on bankruptcy issues, and that some discovery has already occurred, the court declines to exercise its discretion to withdraw the reference at this time. Additionally, the right to a jury trial will be preserved on these claims as discussed above.

**Conclusion**

Based on the foregoing, the reference of this adversary proceeding shall remain with the bankruptcy court as to all pretrial matters, including dispositive motions, such as motions for summary judgment, which the bankruptcy court may handle by submitting proposed findings of fact and conclusions of law to the district court.

Accordingly, Defendants' Motion to Withdraw Reference to the Bankruptcy Court (Dkt. # 1) is **DENIED**. The Clerk is directed to close this case. When any proposed findings of fact and conclusions of law are ready for review by the district court or the claims are ready for trial, a new case may be opened in the district court at that time.

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

Greenville, South Carolina
April 2, 2012